Nos. 25-1718 (L), 26-1278, 26-1307

---

**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FOURTH CIRCUIT**

---

FRANK HARMON BLACK AND SOUTHEAST INVESTMENTS, N.C., INC.

*Petitioners*

*v.*

SECURITIES AND EXCHANGE COMMISSION

*Respondent*

*and*

FINANCIAL INDUSTRY REGULATORY AUTHORITY, INC.

*Intervenor*

---

FRANK HARMON BLACK AND SOUTHEAST INVESTMENTS, N.C., INC.

*Petitioners*

*v.*

SECURITIES AND EXCHANGE COMMISSION
and FINANCIAL INDUSTRY REGULATORY AUTHORITY, INC.

*Respondents*

---

On Petitions For Review Of Orders Of The
Securities And Exchange Commission

---

# UNOPPOSED MOTION OF FINANCIAL INDUSTRY REGULATORY AUTHORITY, INC. TO AMEND CAPTION AND FOR LEAVE TO INTERVENE AND FILE SEPARATE INTERVENOR BRIEF

---

Amir C. Tayrani
GIBSON, DUNN & CRUTCHER LLP
1700 M Street, N.W.
Washington, D.C. 20036
(202) 887-3692
ATayrani@gibsondunn.com

*Attorneys for FINRA*

Pursuant to Federal Rules of Appellate Procedure 15 and 27 and this Court's Rule 12(e), Financial Industry Regulatory Authority, Inc. ("FINRA") respectfully moves for an order (1) amending the caption in *Black v. SEC*, No. 26-1278 (4th Cir. Mar. 12, 2026) and *Black v. SEC*, No. 26-1307 (4th Cir. Mar. 18, 2026) to reflect that FINRA was not properly named as a respondent in those cases, (2) granting FINRA leave to intervene in support of Respondent Securities and Exchange Commission ("SEC") in those cases, and (3) granting FINRA leave to file a separate intervenor brief. Pursuant to this Court's Rule 27(a), FINRA notified counsel for Petitioners and for Respondent SEC of this motion. FINRA is authorized to state that the SEC consents to this motion and that Petitioners do not oppose.

## BACKGROUND

The petitions for review in Case No. 26-1278 and Case No. 26-1307 are the third and fourth petitions for review that Petitioners have filed in this Court arising from the same underlying FINRA disciplinary proceeding. *See Black v. SEC*, 125 F.4th 541 (4th Cir. 2025); *Black v. SEC*, No. 25-1718 (4th Cir. June 25, 2025).

FINRA is a private company that is registered as a self-regulatory organization under the Securities Exchange Act of 1934 ("Exchange Act") and that regulates its broker-dealer members subject to comprehensive SEC oversight. *See generally Black*, 125 F.4th at 543-44; *Scottsdale Cap. Advisors Corp. v. FINRA*, 844 F.3d 414, 417-18 (4th Cir. 2016). The SEC reviews FINRA's proposed rules and

approves them if they are "consistent with the requirements of [the Exchange Act]." 15 U.S.C. § 78s(b)(1), (2). The SEC also ensures that FINRA "enforce[s] compliance" with the Exchange Act and FINRA's rules and that it "appropriately discipline[s]" its members and associated persons for violations, pursuant to rules providing a fair procedure. *Id.* § 78o-3(b)(2), (7), (8). FINRA's SEC-approved rules provide for multiple layers of administrative and judicial review of FINRA disciplinary proceedings, culminating in a *de novo* appeal to the SEC, followed by a petition for review of the SEC's order to a U.S. Court of Appeals. *Id.* §§ 78s(d)(2), (e)(1), 78y(a)(1).

Like Petitioners' two prior petitions, the petitions in Case No. 26-1278 and Case No. 26-1307 arise from a FINRA disciplinary proceeding against Petitioners. Petitioner Black is a securities broker and the president of Petitioner Southeast Investments, N.C., Inc., a broker-dealer and FINRA member. *See* 2023 SEC Order 2, Attachment B, Dkt. 3, No. 26-1278 ("2023 SEC Order"). In 2015, FINRA's Department of Enforcement brought an enforcement action against Petitioners alleging violations of FINRA rules and the Exchange Act, which resulted in a 2019 decision by FINRA's National Adjudicatory Council ("NAC") fining Petitioners and barring Black from associating with any FINRA member firm. *Id.* at 5-7. Petitioners appealed that decision to the SEC pursuant to the Exchange Act's administrative-

appeal process, *id.* at 8, but did not raise any constitutional issues in their briefs before the SEC.

***District Court Suit.*** While that appeal was pending, Petitioners also filed suit against FINRA and the SEC in the U.S. District Court for the Western District of North Carolina. Petitioners sought injunctive and declaratory relief on the grounds that FINRA's structure and procedures allegedly violate the Constitution's Appointments Clause, the private nondelegation doctrine, and Article III and the Seventh Amendment. *See* Complaint, Dkt. 1 at ¶¶ 61-81, *Black v. FINRA*, No. 3:23-cv-709 (W.D.N.C. Oct. 30, 2023). The parties filed cross-motions for summary judgment, and FINRA filed a motion to dismiss for lack of subject matter jurisdiction, all of which are currently pending before the district court.

***First Petition For Review.*** On December 7, 2023, the SEC resolved Petitioners' administrative appeal by issuing an order affirming FINRA's decision in part and remanding in part for further proceedings before the NAC. 2023 SEC Order at 1-2. Petitioners then filed a petition for review in this Court, naming both FINRA and the SEC as respondents, and raising "similar" "unpreserved constitutional issues" in their petition for review as in Petitioners' "district court complaint." *Black*, 125 F.4th at 545 n.5; *see* Petition, Dkt. 3 at 1, *Black v. SEC*, No. 23-2297 (4th Cir. Dec. 19, 2023). FINRA moved for an order amending the caption to reflect that FINRA was not properly named as a respondent, granting FINRA

leave to intervene in support of the SEC, and granting FINRA leave to file a separate intervenor brief. *See* Motion, Dkt. 18 at 1, *Black v. SEC*, No. 23-2297 (4th Cir. Jan. 18, 2024). This Court granted the motion. Order, Dkt. 20 at 1-2, *Black v. SEC*, No. 23-2297 (4th Cir. Jan. 19, 2024).

After briefing and oral argument, in which FINRA participated, the Court dismissed the petition for lack of jurisdiction. The Court concluded that the 2023 SEC Order was not final because it "remand[ed] the case to FINRA, specifically for further proceedings." *Black*, 125 F.4th at 543-44, 547. In so holding, the Court agreed with FINRA that an agency order affirming in part and remanding in part is generally not final agency action—a position with which both the SEC and Petitioners had disagreed. *Id.* at 547 n.7.

***Second Petition For Review.*** On June 6, 2025, FINRA's NAC dismissed all claims against Petitioners that had been remanded to FINRA by the 2023 SEC Order. Petitioners then filed a second petition for review of the same 2023 SEC Order that was the subject of the prior proceeding in this Court. Petition, Dkt. 3 at 1-2, *Black v. SEC*, No. 25-1718 (4th Cir. June 25, 2025). This time, Petitioners named only the SEC—and not FINRA—as a respondent. *Id.* FINRA again moved to intervene, and the Court again granted FINRA's motion. Order, Dkt. 21 at 1, *Black v. SEC*, No. 25-1718 (4th Cir. July 10, 2025).

Petitioners and the SEC then jointly filed a motion to hold the petition in abeyance pending the resolution of a motion Petitioners had filed with the SEC, which asked the SEC to "dismiss with prejudice all claims brought by FINRA" and "reconsider" its 2023 Order. Joint Motion, Dkt. 33 at 3, *Black v. SEC*, No. 25-1718 (4th Cir. July 29, 2025).[1] The Court granted the abeyance motion. Order, Dkt. 34 at 3, *Black v. SEC*, No. 25-1718 (4th Cir. Aug. 1, 2025).

On January 30, 2026, the SEC issued a decision denying Petitioners' motion to dismiss and "reissu[ing] the 2023 Order with respect to the sustained claims to enable judicial review" of that order in a court of appeals under the Exchange Act's review framework. *See* SEC Order Denying Motion To Dismiss 1-2, Attachment A, Dkt. 3, No. 26-1278 ("2026 SEC Motion To Dismiss Order"). In so ruling, the SEC found that Petitioners had "forfeited" their "constitutional arguments" by not including them in their prior briefing to the agency. *Id.* at 4. Petitioners then filed a motion for reconsideration of the 2026 SEC Motion To Dismiss Order, and (jointly with the SEC) moved to continue to hold their second petition for review in abeyance pending the SEC's resolution of the reconsideration motion. Joint Motion, Dkt. 47

[1] Petitioners' motion to the SEC raised, for the first time before the agency, a series of constitutional challenges similar to those they raised in their district court complaint and first petition before this Court. *See* Motion to Dismiss at 4-17, *In the Matter of the Application of Southeast Invs., N.C., Inc.*, Admin. Proceeding No. 3-19185 (July 2, 2025), https://www.sec.gov/files/litigation/apdocuments/3-19185-2025-07-01-respondents-motion-dismiss.pdf.

at 4-5, *Black v. SEC*, No. 25-1718 (4th Cir. Feb. 24, 2026). The Court granted that motion, and the petition was held in abeyance pending the SEC's resolution of Petitioners' motion for reconsideration. Order, Dkt. 48 at 1, *Black v. SEC*, No. 25-1718 (4th Cir. Feb. 25, 2026).

***Third Petition For Review.*** On March 12, 2026, Petitioners filed a petition for review of both the 2026 Motion To Dismiss Order and the 2023 SEC Order (which was the subject of their first and second petitions for review). Petition, Dkt. 3 at 1, No. 26-1278. Like in their first petition for review, Petitioners named both the SEC and FINRA as respondents. *Id.*

***Fourth Petition For Review.*** Shortly after Petitioners filed their third petition for review, the SEC denied their motion for reconsideration of the 2026 SEC Motion To Dismiss Order. *See* SEC Order Denying Motion For Reconsideration, Attachment A, Dkt. 3, No. 26-1307. The SEC concluded that Petitioners did not identify any "manifest errors of law or fact" or new evidence that would warrant reconsideration. *Id.* at 2. And although Petitioners' motion had raised constitutional challenges to FINRA, the SEC reiterated that—as it had found in the 2026 SEC Motion To Dismiss Order—Petitioners had "forfeited" those challenges by failing to raise them earlier in the proceedings. *Id.*

On March 18, 2026, Petitioners filed another petition for review, again naming both the SEC and FINRA as respondents. Petition, Dkt. 3 at 1, No. 26-1307.

This Court consolidated the three pending petitions. Order, Dkt. 53, No. 25-1718 (consolidating the petitions in Case No. 25-1718, Case No. 26-1278, and Case No. 26-1307). As of now, FINRA has been granted leave to intervene in Case No. 25-1718, and has been named as a respondent in Case No. 26-1278 and Case No. 26-1307.

## ARGUMENT

Consistent with this Court's prior order in connection with Petitioners' first petition for review, this Court should enter an order (1) amending the caption in Case No. 26-1278 and Case No. 26-1307 to reflect that FINRA was not properly named as a respondent in those cases, (2) granting FINRA leave to intervene in support of the SEC in those cases, and (3) granting FINRA leave to file a separate intervenor brief. *See* Order, Dkt. 20 at 1-2, *Black v. SEC*, No. 23-2297 (4th Cir. Jan. 19, 2024).

### I. The Caption Should Be Amended To Remove FINRA As A Respondent.

Although Petitioners' third and fourth petitions for review name both the SEC and FINRA as respondents, FINRA's designation is improper. *See* Pet. 1. Because Petitioners seek review of orders entered by the SEC, only the SEC is a proper respondent. *See* Fed. R. App. P. 15(a)(2)(B) ("The petition must . . . name the agency as a respondent."); *see also*, *e.g.*, *Am. Fed'n of Gov't Emps. v. FLRA*, 842 F.2d 102, 103 n.2 (5th Cir. 1988) ("Fed. R. App. P. 15(a) . . . unequivocally requires the named respondent to be the agency that issued the order complained of.").

FINRA is not a federal agency, and it did not issue the SEC orders that Petitioners challenge. Courts have "repeatedly" found that FINRA, like its predecessor the NASD, "is not a government functionary." *DL Cromwell Inv. v. NASD Regul.*, 279 F.3d 155, 162 (2d Cir. 2002) (collecting cases); *see also*, *e.g.*, *Jones v. SEC*, 115 F.3d 1173, 1183 (4th Cir. 1997) (NASD is "not a government agency, but rather a private corporation organized under the laws of Delaware"); *Kim v. FINRA*, 698 F. Supp. 3d 147, 161 (D.D.C. 2023) (stating that "every court to have considered this state actor argument" has concluded that FINRA is not a state actor). FINRA therefore should not be listed as a respondent.

This Court confronted this same situation in connection with Petitioners' first petition for review of the 2023 SEC Order, and it granted FINRA's motion to amend the caption. *See* Order, Dkt. 20 at 1, *Black v. SEC*, No. 23-2297 (4th Cir. Jan. 19, 2024). The Second Circuit did the same as to another recent petition for review of an SEC order that incorrectly named FINRA as a respondent. *See* Order, Dkt. 34 at 1, *Silver Leaf Partners, LLC v. SEC*, No. 25-1171 (2d Cir. June 11, 2025). And other courts, too, have amended the caption when a party other than the agency that issued the challenged order was improperly named as a respondent. *See*, *e.g.*, *Oil, Chem. & Atomic Workers v. NLRB*, 694 F.2d 1289, 1298 (D.C. Cir. 1982) ("administratively delet[ing]" improper respondents "from the caption"); *Brown v. NHTSA*, 673 F.2d 544, 544 n.* (D.C. Cir. 1982) ("amend[ing]" the caption to

"conform" with applicable statutory requirements). This Court should follow the same course and amend the caption in Case No. 26-1278 and Case No. 26-1307 to reflect that FINRA was not properly named as a respondent.

## II. The Court Should Grant FINRA Leave To Intervene.

Although FINRA was not properly named as a respondent in Case No. 26-1278 and Case No. 26-1307, FINRA has a strong interest in participating in these cases as an intervenor in support of Respondent SEC. FINRA satisfies the standard for intervention because it has a direct, substantial, and unique interest in these cases, which—as reflected in Petitioners' arguments before the SEC in their 2025 motion to dismiss and 2026 motion for reconsideration as well as in their prior petitions before this Court—will likely challenge the constitutionality of FINRA's structure and disciplinary procedures.

### A. FINRA Satisfies The Standard For Intervention As Of Right.

A proposed intervenor as of right must (1) file a "timely motion," *JLS, Inc. v. Pub. Serv. Comm'n*, 321 F. App'x 286, 289 (4th Cir. 2009), and claim (2) "an interest in the subject matter of the action"; (3) "that the protection of this interest would be impaired because of the action"; and (4) "that the applicant's interest is not adequately represented by existing parties to the litigation," *Teague v. Bakker*, 931 F.2d 259, 260-61 (4th Cir. 1991). FINRA satisfies each requirement. This Court has twice recognized FINRA's right to intervene where these Petitioners sought review stemming from the same underlying FINRA disciplinary proceeding. *See*

Order, Dkt. 21 at 1, *Black v. SEC*, No. 25-1718 (4th Cir. July 10, 2025); Order, Dkt. 20 at 1, *Black v. SEC*, No. 23-2297 (4th Cir. Jan. 19, 2024). Other courts have also repeatedly recognized FINRA's right to intervene where petitioners seek judicial review of SEC orders concerning FINRA disciplinary proceedings challenged on review as unconstitutional. *See*, *e.g.*, Order, Doc. 2161625 at 1, *Kielczewski v. SEC*, No. 26-1006 (D.C. Cir. Mar. 2, 2026); Order, Dkt. 23 at 1, *Jones v. SEC*, No. 25-60703 (5th Cir. Jan. 23, 2026); Order, Dkt. 34 at 1, *Silver Leaf Partners, LLC v. SEC*, No. 25-1171 (2d Cir. June 11, 2025); Order, Dkt. 11 at 2, *Smith v. SEC*, No. 24-3907 (6th Cir. Dec. 17, 2024).

*First*, intervention is timely. FINRA moved to intervene within 30 days of the petitions for review. *See* Fed. R. App. P. 15(d). And no briefing schedule has yet been set in any of the consolidated cases, so FINRA's intervention would not result in any delay.

*Second*, FINRA has a substantial interest in the subject of these cases. In its capacity as a private self-regulatory organization, FINRA conducted the underlying disciplinary process against Petitioners that led to the SEC orders under review. In addition, both in the previous case in this Court and in the pending action in the Western District of North Carolina, Petitioners raised constitutional challenges to FINRA's structure and procedures. *See Black*, 125 F.4th at 545 n.5; Complaint, Dkt.

1 at ¶¶ 61-81, *Black v. FINRA*, No. 3:23-cv-709 (W.D.N.C. Oct. 30, 2023). Petitioners are likely to raise those same arguments in these proceedings.

These cases therefore resemble others in which this Court and other courts have allowed self-regulatory organizations to intervene when a party files a petition for review that implicates the self-regulatory organization's interests—including with respect to the constitutionality of the self-regulatory organization's actions. As the Sixth Circuit reasoned in granting FINRA leave to intervene in one such case, FINRA "has an indisputable interest in this appeal because it directly implicates the constitutionality of its structure and procedures." Order, Dkt. 11 at 2, *Smith v. SEC*, No. 24-3907 (6th Cir. Dec. 17, 2024). Similar orders granting self-regulatory organizations leave to intervene abound.[2]

[2] *See*, *e.g.*, Order, Dkt. 21 at 1, *Black v. SEC*, No. 25-1718 (4th Cir. July 10, 2025) (granting FINRA's motion to intervene in constitutional challenge to FINRA); Order, Dkt. 20 at 1, *Black v. SEC*, No. 23-2297 (4th Cir. Jan. 19, 2024) (same); Order, Doc. 2161625 at 1, *Kielczewski v. SEC*, No. 26-1006 (D.C. Cir. Mar. 2, 2026) (same); Order, Dkt. 23 at 1, *Jones v. SEC*, No. 25-60703 (5th Cir. Jan. 23, 2026) (same); Order, Dkt. 34 at 1, *Silver Leaf Partners, LLC v. SEC*, 25-1171 (2d Cir. June 11, 2025) (same); Order, Doc. 2058735 at 1, *Logan v. SEC*, No. 24-1095 (D.C. Cir. June 10, 2024) (same); Order, Dkt. 26 at 1, *All. for Fair Bd. Recruitment v. SEC*, No. 21-60626 (5th Cir. Sept. 8, 2021) (granting Nasdaq's motion to intervene); Order, Dkt. 14 at 1, *Chi. Bd. Options Exch., Inc. v. SEC*, No. 16-3423 (7th Cir. Oct. 14, 2016) (granting Nasdaq's motion to intervene); Order, Dkt. 32 at 1, *Orbixa Techs., Inc. v. SEC*, No. 13-4636 (2d Cir. Feb. 7, 2014) (granting New York Stock Exchange's motion to intervene); Order, Doc. 1171345 at 1, *Sec. Indus. & Fin. Mkts. Ass'n v. SEC*, No. 09-1045 (D.C. Cir. Mar. 20, 2009) (granting Nasdaq's and New York Stock Exchange's motions to intervene); Order, Doc. 712748 at 1, *Domestic Sec., Inc. v. SEC*, No. 02-1308 (D.C. Cir. Nov. 8, 2002) (granting Nasdaq's motion to intervene).

*Third*, and relatedly, the Court's disposition of these cases could significantly impair FINRA's ability to carry out its self-regulatory responsibilities under the Exchange Act—particularly if the Court were to endorse a constitutional challenge to FINRA's structure and disciplinary procedures.

*Fourth*, FINRA has its own unique interest in the outcome of these proceedings, separate and distinct from the SEC's interest as FINRA's regulator. Although the SEC's and FINRA's interests may be aligned "[a]t a high level of abstraction" since both would be defending the challenged order, their precise interests are "not 'identical.'" *Berger v. N.C. State Conf. of the NAACP*, 597 U.S. 179, 196 (2022); *see also* Order, Dkt. 11 at 2, *Smith v. SEC*, No. 24-3907 (6th Cir. Dec. 17, 2024) (recognizing the same). In particular, FINRA has an interest in defending the constitutionality of its structure, authority, and procedures. FINRA's interest in preserving its own structure and rules transcends its interest in defending the constitutionality of the Exchange Act, which is likely to be of greatest concern to the SEC as the agency that administers the statute.

In fact, when intervening in support of FINRA in similar constitutional challenges to FINRA's structure and procedures, the United States has repeatedly declared a "limited purpose of defending the constitutionality of the federal securities laws." Notice of Intervention, Dkt. 21 at 1, *Lebental v. FINRA*, No. 23-cv-3119 (D.D.C. Nov. 6, 2023); Notice of Intervention, Dkt. 14 at 1, *Kim v. FINRA*,

No. 23-cv-2420 (D.D.C. Sept. 20, 2023); Notice of Intervention, Dkt. 28 at 1, *Scottsdale Cap. Advisors Corp. v. FINRA*, No. 22-cv-2347 (M.D. Fla. Feb. 6, 2023). Additionally, the SEC "ha[s] to bear in mind broader public-policy implications" and other factors that do not necessarily concern FINRA, a private company. *Berger*, 597 U.S. at 196. The parties' arguments in the prior proceeding in this Court confirm the separate and distinct interests of FINRA and the SEC: On Petitioners' first petition for review, the SEC took a position on the finality of the underlying order that was "inconsistent with and contrary to that of FINRA." *Black*, 125 F.4th at 547 n.7.

FINRA's unique interests in this litigation are not diminished by this Court's articulation, in certain other cases, of a "presumption" that a would-be intervenor's interests are adequately represented when a member of "the general public" shares the "'same ultimate objective'" as a governmental party defending the validity of a challenged statute. *N.C. State Conf. of NAACP v. Berger*, 999 F.3d 915, 930, 937 (4th Cir. 2021), *rev'd*, 597 U.S. 179. These cases do not fall within that presumption because the issues before the Court will likely include challenges to the disciplinary procedures and practices embodied in FINRA's own rules (FINRA's primary interest), in addition to challenges to the provisions of the Exchange Act governing self-regulatory organizations (the SEC's primary interest). As demonstrated by Petitioners' first petition for review, FINRA and the SEC therefore do not share

exactly "the same ultimate objective," *id.* at 930, and FINRA has made the "minimal" showing that "representation of [its] interest 'may be' inadequate," *Trbovich v. United Mine Workers of Am.*, 404 U.S. 528, 538 n.10 (1972).

For these reasons, as the Sixth Circuit found in a similar case involving both FINRA and the SEC, FINRA "easily qualifies for intervention as a matter of right." Order, Dkt. 11 at 2, *Smith v. SEC*, No. 24-3907 (6th Cir. Dec. 17, 2024).

**B. Alternatively, FINRA Should Be Granted Permissive Intervention.**

In the alternative, the Court should grant permissive intervention. Permissive intervention may be granted when the intervenor "has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1)(B). That standard, too, is easily satisfied. Several of the procedural and merits defenses that the SEC is likely to raise in defense of the orders under review overlap with FINRA's own defenses to Petitioners' claims that FINRA's structure and procedures are unconstitutional. FINRA's defenses also share common questions of fact with the SEC's, insofar as Petitioners' claims arise out of FINRA's underlying disciplinary proceedings. That more than suffices for granting permissive intervention. *See*, *e.g.*, *In re Sealed Case*, 856 F.2d 268, 271 (D.C. Cir. 1988) ("permissive intervention is clearly authorized" where intervenor's arguments "involve[] the same legal question as that asserted by the [agency]").

## CONCLUSION

FINRA respectfully requests that the Court issue an order (1) amending the caption in Case No. 26-1278 and Case No. 26-1307 to reflect that FINRA was not properly named as a respondent in those cases and (2) granting FINRA leave to intervene in Case No. 26-1278 and Case No. 26-1307 in support of Respondent SEC. The Court should also (3) grant FINRA leave to file a separate intervenor brief because FINRA, a private self-regulatory organization, and the SEC, a federal agency, have distinct interests in this litigation.

Dated: March 19, 2026

Respectfully submitted,

*/s/ Amir C. Tayrani*

Amir C. Tayrani
Alex Gesch
Amalia Reiss
GIBSON, DUNN & CRUTCHER LLP
1700 M Street, N.W.
Washington, D.C. 20036
(202) 887-3692
ATayrani@gibsondunn.com
AGesch@gibsondunn.com
AReiss@gibsondunn.com

*Attorneys for Financial Industry Regulatory Authority, Inc.*

## CERTIFICATE OF COMPLIANCE

1. This document complies with the type-volume requirements of Federal Rule of Appellate Procedure 27(d)(2)(A) because it contains 3,650 words; and

2. This document complies with the typeface requirements of Federal Rules of Appellate Procedure 32(a)(5) and 32(a)(6) because it has been prepared in a proportionally spaced typeface using Microsoft Office Word in 14-point Times New Roman font.

Dated: March 19, 2026

Respectfully submitted,

*/s/ Amir C. Tayrani*

Amir C. Tayrani
GIBSON, DUNN & CRUTCHER LLP
1700 M Street, N.W.
Washington, D.C. 20036
(202) 887-3692
atayrani@gibsondunn.com

## CERTIFICATE OF SERVICE

I hereby certify that on March 19, 2026, I caused a true and correct copy of this document to be electronically filed through the Court's CM/ECF system, which will send a notice of filing to all registered users.

Dated: March 19, 2026

Respectfully submitted,

*/s/ Amir C. Tayrani*
Amir C. Tayrani
GIBSON, DUNN & CRUTCHER LLP
1700 M Street, N.W.
Washington, D.C. 20036
(202) 887-3692
atayrani@gibsondunn.com